{¶ 32} I respectfully dissent from the majority opinion on the second assignment of error. The issue is the cost of removing tile the renters put on the kitchen wall and repairing the wall behind it. The tile added was stick-on tile, the type that comes with the glue already on it. The painter testified that removing this type of tile from the wall causes the skin of the drywall to come off. Therefore, it was necessary to spackle and seal the drywall before preparing to paint it.
 {¶ 33} There are different accounts of the cost of removing the tile and repairing the wall behind it. First, the bill recites the following:
 {¶ 34} "1) Living room fix the crack ceiling Paint ceiling walls $200.00
 {¶ 35} "2) Take out stove tile top DNB Extra for fix the walls for $150.00
 {¶ 36} "3) Kitchen top take of [sic] tile 
repairs $125.00
 {¶ 37} "4) Bedroom paint wood work [sic] 
closset [sic]
 {¶ 38} "5) Kitchen paint walls wood work [sic] $150.00
 {¶ 39} "6) Paint the wood work [sic] hall $75.00
 {¶ 40} "7) Bathroom wood work [sic] B Paint $75.00
 {¶ 41} "8) Bedroom Room ceiling walls woodwork Fix the Ceiling $150.00
 {¶ 42} "9) Paint Hallwaw [sic] door exterior interior screen
 {¶ 43} "10) Use one coat finish only $75.00
 {¶ 44} "Customer provide material. Just Labor $1000.00"
 {¶ 45} According to the transcript, however, the painter explained this bill as follows:
 {¶ 46} "In the living room I fix all the cracks in the ceiling, I paint the ceilings and walls, pull the stove out you know the floor tile at the top, the floor tile I take out and fix the wall for $150.00, the kitchen top, take all the tile, and I repair all for $125, paint the bedroom, kitchen paint the walls with semi-gloss with woodwork for $150.00, paint the woodwork in the hall for $75.00, bedroom for $75.00, bedrooms ceiling wash woodwork for $150.00 and I paint the door, exterior door screen and I used one coat of paint for $75.00. Material and labor for $1,000."
 {¶ 47} Later during the painter's testimony, the owner/attorney asked: "So your total bill was for $1,000. How much did you charge me to take off the stick-on tile and rehab? The painter answered, "$150.00 and $125." This last statement seems to indicate the cost of removing the tile and repairing the wall was $275.00.
 {¶ 48} From the above statement, it would also appear that painting was not included in either the $150 or the $125. However, when asked how long the repair for the tiles took, the painter stated the following:
 {¶ 49} "* * * [T]he first time to take it off you got to seal the drywall, special paint sealer, you put one skim coat, then come back next day, put second skim coat, wait til dry, sand it, prime it, and paint it. I don't figure out how many hours. About five hours." (Emphasis added.)
 {¶ 50} (Tr. 48.) This description includes painting as part of the five hours the painter stated he spent repairing the damage from the tiles. The painter further testified he charged $25 an hour. (Tr. 46.) So itemized, the total cost of repairing and painting the wall would be about $125, the same amount the painter claimed was the cost of only removing the tile and repairing one of the walls. There are, therefore, two conflicting reports of the cost of the repair.[1]
 {¶ 51} Addressing this issue, the trial court found "that the Magistrate's assessment of $100 is a [sic] fair and reasonable." Judgment entry. Because there are two conflicting reports, the trial judge could properly choose one over the other. The trial court could reasonably deduct for the time spent on painting that was included in the report based on hours and thus arrive at $100.
 {¶ 52} Moreover, the record further indicated that the same man painted the entire house[2] in 1998 for the same amount: $1,000. Describing his work in 1998, the painter explained he also fixed cracks in the living room ceiling and repaired the exterior door screen.
 {¶ 53} In determining what amount to allocate for the repair of the tile, the magistrate could consider that the total cost of repairing and painting the apartment was the same one year earlier. Testimony of the comparative total cost in 1998 and 1999, along with testimony of the time spent and hourly rate in 1999, provided competent and credible evidence to support the court's finding that the landlord was due $100.
 {¶ 54} An appellate court should not reverse the decision of the trial court absent an abuse of discretion. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 280.
 {¶ 55} I believe the account from the painter's testimony provides sufficient evidence to support the trial court's decision. I would, therefore, affirm the trial court's ruling in its entirety.
KEY WORDS SUMMARY:
Landlord And Tenant, Other; Property, Real; Courts, Court Procedure, Small Claims
[1] There is also a third version. In his objection to the Judgment Entry, appellant gave yet another figure: "Still further, Plaintiff spent $225.00 for removal and repair of the tile."
[2] The house consists of two bedrooms, a hallway, a bathroom, the kitchen, the dining room, and the living room.